UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X     Case No.  22-cv-02444
KEEFE FULLER,

                  Plaintiff,     **COMPLAINT**

     - against -

                               **PLAINTIFF DEMANDS**
                               **A TRIAL BY JURY**
THE NEW YORK PUBLIC LIBRARY,

                  Defendant.

------------------------------------------------------------------------X

      KEEFE FULLER ("Plaintiff"), by and through his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, against Defendant THE NEW YORK PUBLIC LIBRARY ("Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1.     Plaintiff complaints pursuant to the discrimination provisions of **The Americans with Disabilities Act of 1990**, 42 U.S.C. § 12101, *et seq*. ("ADA"); the **New York State Human Rights Law**, New York State Executive Law § 296, *et seq.* ("NYSHRL"), and the **New York City Human Rights Law**, New York City Administrative Code § 8-502(a), *et seq..* ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against by his employer on the basis of his disability. Defendant refused to reasonably accommodate Plaintiff's disability, a back injury, and then terminated his employment on a transparent pretext for discrimination.

## JURISDICTION AND VENUE

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 12101, *et seq*.

3.      The Court has supplemental jurisdiction over all state and county law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PROCEDURAL PREREQUISITES

5.      Plaintiff timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

6.      Plaintiff received a Notice of Right to Sue from the EEOC, dated March 4, 2022, with respect to the instant charges of discrimination.  A copy of the Notice is annexed to this Complaint.

7.      This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

8.      At all relevant times herein, Plaintiff was and is a resident of the State of New York. He was and is a "person" and "employee" entitled to protection as defined by the ADA, the NYSHRL, and the NYCHRL.

9.      At all relevant times herein, upon information and belief, Defendant is a New York nonprofit corporation with its principal place of business at 445 Fifth Avenue, New York, New York 10016.

10.     At all relevant times herein, Defendant "employs" fifteen and thus one or more "employees," and is thus an "employer" within the meaning of the ADA, the NYSHRL, and the NYCHRL.

## MATERIAL FACTS

11.     Plaintiff became employed by Defendant in or about September 2013. His annual salary at that time was $33,000. At all time relevant to this action, his salary was $39,801 plus night differential pay.

12. Plaintiff worked as a porter and his job duties involved cleaning, among other duties, and entailed traveling to and from different branches of the library.

13. On or about May 26, 2019, Plaintiff sustained a back injury on the job. He was diagnosed with multiple conditions, including a disc herniation bulge with a tear at L4-L5 with some foraminal stenosis.

14. As a result of his injuries, Plaintiff went on medical leave.

15. On or about January 4, 2021, he returned to work, requesting a reasonable accommodation for his disability. He submitted a doctor's note stating that he that had "limitations with standing for a long time, sitting for a long time, and heavy lifting." The doctor's restriction went on to state that Plaintiff "can return to work in a light duty capacity with lifting restrictions of 10 pounds."

16. Defendant initially agreed to the above accommodation.

17. However, on Plaintiff's first day back at work, Plaintiff's supervisor, Rameon Lewis, instructed him to use a floor scrubber that would violate the terms of Plaintiff's disability accommodation. Specifically, it was a ride-on machine on which the rider sits at a tight angle.

18. Plaintiff told his supervisor that if he were to operate the floor scrubber, he would need periodic breaks.

19. In response, Plaintiff's supervisor told him he should vacuum instead.

20. The vacuum, however, weighs more than 10 pounds and operating it would be a violation of Plaintiff's agreed-upon reasonable accommodation.

21. Plaintiff requested that he be assigned a task that would conform to his medical restrictions.

22. In response, Lewis stated he would speak to the other supervisor, Quianna Valario.

23. Shortly thereafter, Lewis and Valario ordered Plaintiff to go back on medical leave, saying

they had no work for him.

24.   As Plaintiff was changing out of his uniform, a co-worker told him he had just been assigned dust-mopping. Dust-mopping is a task Plaintiff could have performed.

25.   Other tasks Plaintiff could have performed include, but are not limited to, sorting books.

26.   On or about the following Monday, January 11, 2021, Plaintiff contacted Lewis and Corry Gadson, a Human Resources representative, requesting to return to work. They told Plaintiff to wait to hear from them.

27.   However, Defendants did not contact Plaintiff as instructed.

28.   Plaintiff submitted Family and Medical Leave Act paperwork to Human Resources, and his doctor faxed Defendant a note on or about March 15, 2021, stating that Plaintiff would be undergoing surgery and would be unable to work until August 1, 2021. Thus, Plaintiff requested a reasonable accommodation of a leave of absence.

29.   In or about April 2021, Defendant contacted Plaintiff to set up a meeting to discuss his possible return to work. Plaintiff was not able to attend because he was out of town for a family occasion.

30.   When the meeting was rescheduled, Plaintiff was unable to attend due to the fact that he was traveling and his flight time was changed.

31.   The third time the meeting was scheduled, Plaintiff was attending to a family emergency and was unable to attend the meeting.

32.   The meeting was finally held on or about May 10, 2021. Attending the meeting were Plaintiff, his union representative, and several officials of Defendant, including a representative of Human Resources. At the meeting, Defendant disciplined Plaintiff for missing the meetings when they had been previously scheduled.

33.   Additionally, Defendant claimed not to have received the doctor's note Plaintiff's physician had faxed on or about March 15, 2021.

34.   At the conclusion of the meeting, Defendant stated they would be in touch regarding the nature of Plaintiff's discipline for missing the prior meetings.

35.   On or about June 18, 2021, at a second meeting, Defendant terminated Plaintiff's employment.

36.   Defendant's stated reason for the termination was that he "had exhausted his FMLA leave" and "not made a good faith effort to return to work by his actions of failing to participate in an interactive discussion regarding possible accommodations that could allow him to perform the essential functions of his porter position. The Facilities Department is not in a position operationally where they can continue to hold a job for Mr. Fuller any longer." This was an obvious pretext to terminate Plaintiff on the basis of his disability.

37.   Defendant unlawfully did not wish to make a reasonable accommodation for Plaintiff's disability, and so they simply terminated his employment.

38.   As a result of Defendant's action, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

39.   As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

40.   Defendant's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law, and/or violation thereof.

41.   As such, Plaintiff demands punitive damages against Defendant.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE ADA

42. Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

43. Plaintiff claims Defendant violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

44. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

45. Plaintiff's disability is an impairment that substantially limits one or more of his major life activities within the meaning of § 12102(1)(A) of the ADA, including but not limited to, lifting, standing for long periods, and sitting for long periods.

46. Plaintiff requested reasonable accommodations. Specifically, he requested light duty with lifting restrictions. Thereafter, he requested a leave of absence to undergo and recover from surgery.

47. Defendant was aware of Plaintiff's disability and need for the accommodation.

48. Plaintiff is a qualified individual who could perform the essential functions of his employment with a reasonable accommodation as defined by § 12111(8) of the ADA.

49. Defendant did not make a good faith effort to accommodate Plaintiff's disability.

50. All the accommodations that Plaintiff requested were reasonable.

51. None of the accommodations that Plaintiff requested would have created undue hardship for

Defendant.

52.  Defendant failed to communicate with Plaintiff meaningfully and in good faith concerning his disability and requested accommodations.

53.  Defendant discriminated against Plaintiff in violation of the ADA by refusing to accommodate his disability and terminating his employment because of his disability.

54.  Defendant knowingly and intentionally discriminated against Plaintiff because of his disability.

55.  Plaintiff suffered injuries as a result of Defendant's failure to reasonably accommodate his disability.

56.  Defendant's failure to accommodate Plaintiff's disability was the direct and proximate cause of Plaintiff's injuries, damages, and losses.

57.  Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights under the ADA when it refused to provide a reasonable accommodation for his disability.

## AS A SECOND CAUSE OF ACTION
## <u>FOR DISCRIMINATION UNDER THE NYSHRL</u>

58.  Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59.  New York Executive Law § 296 provides that:

>  It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **<u>disability</u>**, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." (emphasis added)

60.  As described above, Defendant discriminated against Plaintiff on the basis of his disability in

7

violation of the NYSHRL, by including but not limited to, failing to accommodate his disability.  As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

61.     As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

62.     Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NYCHRL

63.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64.     The Administrative Code of City of New York § 8-107(1)(a) provides that

> It shall be an unlawful discriminatory practice: for an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, **disability**, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service or alienage or citizenship status of any person... to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment. (emphasis added)

65.     As described above, Defendant discriminated against Plaintiff on the basis of his disability in violation of the NYCHRL, by refusing to reasonably accommodate his disability.  As a result

of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

66. As a result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

67. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

## **JURY DEMAND**

68. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the **Americans with Disabilities Act of 1990**, 42 U.S.C. § 12101, *et seq*., the **New York State Human Rights Law**, New York State Executive Law, § 296, and the **New York City Human Rights Law**, New York City Administrative Code § 8-107 *et seq*., in that Defendant discriminated against Plaintiff on the basis of his disability;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination, and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D.     Awarding Plaintiff punitive damages;

E.     Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the

prosecution of the action;

F.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy the Defendant's unlawful employment practices.

Dated:  New York, New York
        March 25, 2022

                              **PHILLIPS & ASSOCIATES,**
                              **ATTORNEYS AT LAW, PLLC**

                              By:      _____/s/_____
                                       Darnisha Lewis-Bonilla, Esq.
                                       *Attorneys for Plaintiff*
                                       585 Stewart Ave, Suite 410
                                       Garden City, New York 11530
                                       T: (212) 248-7431
                                       F: (212) 901 - 2107
                                       dlewis-bonilla@tpglaws.com