UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KEEFE FULLER,                                    Civil Action No. 22-cv-02444

                   Plaintiff,

   -against-                                    **ANSWER AND AFFIRMATIVE**
                                                                              **DEFENSES TO COMPLAINT**

THE NEW YORK PUBLIC LIBRARY,
                   Defendant.
---------------------------------------------------------------X

Defendant THE NEW YORK PUBLIC LIBRARY, ("NYPL") by and through its attorneys, KAUFMAN BORGEEST & RYAN LLP, hereby responds to Plaintiff's Complaint as follows:

## **NATURE OF THE CHARGE**

1. This Paragraph of the Complaint does not contain allegations of fact but rather legal conclusions and Defendant respectfully refers all matters of law to the Court.

## **JURISICTION, VENUE, AND PROCEDURAL PREREQUISITES**

2. Paragraph 2 of the Complaint does not contain allegations of fact but rather legal conclusions and Defendant respectfully refers all matters of law to the Court.

3. Paragraph 3 of the Complaint does not contain allegations of fact but rather legal conclusions and Defendant respectfully refers all matters of law to the Court.

4. Paragraph 4 of the Complaint does not contain allegations of fact but rather legal conclusions and Defendant respectfully refers all matters of law to the Court.

## **PROCEDURAL PREREQUISITES**

5. Paragraph 5 of the Complaint does not contain allegations of fact but rather legal conclusions and Defendant respectfully refers all matters of law to the Court.

6. Paragraph 6 of the Complaint does not contain allegations of fact but rather legal conclusions and Defendant respectfully refers all matters of law to the Court.

7. Paragraph 7 of the Complaint does not contain allegations of fact but rather legal conclusions and Defendant respectfully refers all matters of law to the Court.

**PARTIES**

8. Defendant admits that Plaintiff was an employee of NYPL, but respectfully refers all questions of law to the Court.

9. Defendant admits that NYPL is a domestic not-for-profit corporation duly existing pursuant to, and by virtue of, the laws of the State of New York and maintains a principal place of business at 476 Fifth Avenue, New York, New York.

10. Defendant admits they employ over 15 individuals on a full-time or full-time equivalent basis, but respectfully refers all questions of law to the Court.

**FACTUAL ALLEGATIONS**

11. Defendant admits that Plaintiff was hired in September 2013, but respectfully refers all questions of law to the Court.

12. Defendant admits that Plaintiff worked as a Porter, but respectfully refers all questions of law to the Court.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant lacks or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint and leaves Plaintiff to his proofs.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations, as phrased, in Paragraph 28 of Plaintiff's Complaint and leaves Plaintiff to his proofs. The documents speak for themselves.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant admits a meeting was held on May 10, 2021. Defendant admits that attending the meeting were Plaintiff, his union representative, and several officials of Defendant, including a representative of Human Resources as contained in Paragraph 32 of Plaintiff's Complaint. Defendant respectfully refers all questions of law to the Court.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant admits Plaintiff was terminated on or about June 18, 2021 as contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations, as phrased, in Paragraph 36 of Plaintiff's Complaint. The documents speak for themselves.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

**AS FOR AN ANSWER**
**TO FIRST CAUSE OF ACTION**
**(FOR DISCRIMINATION UNDER THE ADA)**

42. Defendant repeats and re-alleges its responses to each of the allegations contained in paragraphs 1-41 of the Complaint set forth above, as if more fully set forth at length herein.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint, but respectfully refers all questions of law to the Court.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint, but respectfully refers all questions of law to the Court.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

8191283

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

**AS FOR AN ANSWER
TO SECOND CAUSE OF ACTION
(FOR DISCRIMINATION UNDER THE NYSHRL)**

58. Defendant repeats and re-alleges its responses to each of the allegations contained in paragraphs 1-58 of the Complaint set forth above, as if more fully set forth at length herein.

59. Paragraph 59 of the Complaint does not contain allegations of fact but rather legal conclusions and Defendant respectfully refers all matters of law to the Court.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

**AS FOR AN ANSWER
TO THIRD CAUSE OF ACTION
(FOR DISCRIMINATION UNDER THE NYCHRL)**

63. Defendant repeats and re-alleges its responses to each of the allegations contained in paragraphs 1-63 of the Complaint set forth above, as if more fully set forth at length herein.

64. Paragraph 64 of the Complaint does not contain allegations of fact but rather legal conclusions and Defendant respectfully refers all matters of law to the Court.

65. Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

**AS FOR AN ANSWER
TO JURY DEMAND**

68. Defendant does not object to a jury demand

(A-F) Defendant is not required to respond to the allegations contained in Plaintiff's Paragraphs because those allegations are merely characterizations of the relief Plaintiff if seeking. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief she seeks

**GENERAL DENIAL**

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

**DEFENSES**

Defendant states that the defenses included in this Answer are set forth to ensure compliance with civil procedure rules and other applicable rules, without representing or conceding that Defendant has the burden of proof or that the defenses necessarily constitute

"avoidances" or "affirmative defenses" within the meaning of the civil procedure rules, or other applicable law. No defense in this Answer shall be deemed an affirmative defense unless failure to assert the defense will result in waiver thereof. Defendant further states that pursuant to civil procedure rules, and based on the claims in the Complaint, Defendant pleads its defenses in the alternative and hypothetically without representing or conceding the application of such defenses or waiving any objections or defenses to the claims and causes of action in the Complaint. The following defenses are raised to the extent that discovery reveal the same to be appropriate. If discovery should reveal the same to be inapplicable, they will be abandoned prior to the trial of this matter. If discovery reveals other defenses that may be applicable, Defendant reserves all rights to assert them. Defendant therefore sets forth the following defenses:

**FIRST AFFIRMATIVE DEFENSE**

69. Plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

70. Any and all decisions, actions and conduct taken by Defendant with respect to Plaintiff were undertaken for legitimate, non-discriminatory business reasons.

**THIRD AFFIRMATIVE DEFENSE**

71. Plaintiff cannot show that Defendant's decisions, action and/or conduct are pretextual.

**FOURTH AFFIRMATIVE DEFENSE**

72. Plaintiff is not permitted to recover any penalties that arise based upon Plaintiff's claims against Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

73. Any damages purportedly sustained by Plaintiff were not directly or proximately caused by Defendant.

8191283

### SIXTH AFFIRMATIVE DEFENSE

74. Punitive damages are inappropriate because all actions taken or omitted by Defendant with respect to the allegations were taken or omitted in good faith without malice, reckless indifference or willfulness.

### SEVENTH AFFIRMATIVE DEFENSE

75. Any recovery by Plaintiff must be reduced to the extent that Plaintiff did not take reasonable steps to mitigate Plaintiff's purported damages.

### EIGHTH AFFIRMATIVE DEFENSE

76. Defendant did not engage in, aid, or abet, encourage, condone, acquiesce in or approve of any alleged retaliation against Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred and/or diminished by waiver, estoppel, laches, and/or unclean hands.

### TENTH AFFIRMITIVE DEFENSE

78. Plaintiff fails to establish a prima facie case of discrimination under New York State Executive Law §296 and §297.

### ELEVENTH AFFIRMATIVE DEFENSE

79. Plaintiff fails to establish a prima facie case of discrimination under New York City Administrative Code §8-107.

### TWELFTH AFFIRMATIVE DEFENSE

80. Defendant reserves all rights to assert additional defenses, whether affirmative or otherwise which may become available during the course of this litigation through discovery or by any other means.

**WHEREFORE**, Defendant NYPL, demand judgment dismissing the action against it, awarding costs and attorneys' fees, and awarding such other and further relief as the Court deems

proper.

Dated: New York, New York
May 27, 2022

                                    Respectfully submitted,
                                    KAUFMAN BORGEEST & RYAN LLP

                                    By: _____
                                          Joan M. Gilbride
                                          Attorneys *for Defendant*
                                          120 Broadway, 14th Floor
                                          New York, New York 10271
                                          Telephone: 212-980-9600
                                          Fax: 212-980-9291
                                          Email: jgilbride@kbrlaw.com

To:   Darnisha Lewis-Bonilla, Esq.
       *Attorneys for Plaintiff*
       585 Stewart Ave, Suite 410
       Garden City, New York 11530
       T: (212) 248-7431
       Email: dlewis-bonilla@tpglaws.com

8191283